NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL MUSIC, | No. 16-15036 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-04776-JCS |
| v. | |
| BANK OF AMERICA, N.A.; BAC HOME LOANS SERVICING, LP; BAYVIEW LOAN SERVICING, LLC, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding

Argued and Submitted September 14, 2017
San Francisco, California

Before: GOULD and WATFORD, Circuit Judges, and SANDS,[**] District Judge.

Mr. Music's property burned down. It was insured, but when Bank of America ("BoA") received the insurance proceeds, Music was in default. BoA refused to transfer the insurance proceeds to Music for purposes of rebuilding,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable W. Louis Sands, United States District Judge for the Middle District of Georgia, sitting by designation.

instead opting to credit the proceeds against the outstanding balance owed on the loan. Music brought claims for breach of contract and breach of the implied promise of good faith and fair dealing. The district court dismissed without leave to amend. We affirm.

Under the terms of the deed of trust, insurance proceeds should be applied for purposes of restoration or repair, unless restoration or repair would be economically infeasible, or the lender's security would be lessened, in which case the insurance proceeds can be credited against the outstanding loan balance. Music contends that BoA violated this provision by refusing to allow the proceeds to be used by its borrower Music for rebuilding.

Because of his default Music's claim fails for two reasons. First, under California law, a party claiming breach of contract must have either performed on the contract, or have a legally valid excuse for non-performance. *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (1990). Music's failure to make payments meant that he had not performed. Music, moreover, has not pled a legally valid excuse for non-performance. Although the fire made it more difficult for Music to make his payments, "[m]ere difficulty or unusual or unexpected expense will not excuse a party for failing to comply with the terms of his contract." *Standard Iron Works v. Globe Jewelry & Loan, Inc.*, 164 Cal. App. 2d 108, 118 (1958). For this reason alone, Music's breach of

contract claim fails. But there is an additional reason why the claim of breach fails.

Second, where a borrower is in default, we have held that the purpose of the deed of trust would be undermined if the lender was required to transfer the proceeds for purposes of repair. *Ford v. Manufacturers Hanover Mortg. Corp.*, 831 F.2d 1520, 1525 (9th Cir. 1987). In *Ford* we reasoned that if the lender was required to transfer the proceeds, the lender's security would be lessened as it would be "required to defer foreclosure indefinitely while [the borrower] rebuilds." *Id.* at 1524.[1] Because its security would have been lessened if it allowed the proceeds to be used for rebuilding, under the terms of the contract BoA was allowed to credit the insurance proceeds against the outstanding loan balance.

Music also contends that by failing to inspect the property after the fire, BoA breached the implied promise of good faith and fair dealing. Under California law, however, the implied promise cannot be used to "impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Guz v. Bechtel National, Inc.*, 24 Cal. 4th 317, 350 (2000). Music has pointed to no contractual obligation that would plausibly have required BoA to inspect and appraise the property after his default.

---

[1] This concern is exacerbated by the fact that Music was enmeshed in litigation about the ownership of the property.

Next, Music contends that BoA should be equitably estopped from asserting the default as a reason to retain the insurance proceeds. In California an equitable estoppel claim requires showing: "(a) a representation or concealment of material facts; (b) made with knowledge, actual or virtual, of the facts; (c) to a party ignorant, actually and permissibly, of the truth; (d) with intention, actual or virtual, that the ignorant party act on it; and (e) that party was induced to act on it." *Simmons v. Ghaderi*, 44 Cal. 4th 570, 584 (2008). Music has pled no facts supporting the conclusion that BoA represented or concealed a material fact that led to his default. Indeed, based on his allegations, his inability to pay resulted from a loss of rental income after the fire. Hence, his equitable estoppel claim also fails.

Music also alleges that BoA breached its contract by charging a "Recoverable Corporate Advance Balance" at the time Music closed on the sale of the property. This claim also fails. Music states in his complaint that this charge was asserted by Bayview Loan Servicing ("BLS"), not BoA. All claims against BLS were dropped. According to the complaint, BoA assigned its rights to BLS roughly a year and a half before the sale of the property. Music has pled no facts suggesting that BoA was involved in the sale in any way. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

4

544, 570 (2007). Here, Music has provided no plausible theory as to how a charge asserted by BLS could constitute a breach of contract by BoA.

Finally, Music challenges the district court's denial of his request for leave to amend the complaint. We have held that where the appellant fails to point to any facts that could save the complaint, the district court does not abuse its discretion by dismissing with prejudice. *Halkin v. VeriFone Inc. (In re VeriFone Sec. Litig.)*, 11 F.3d 865, 872 (9th Cir. 1993). The rule is established that "[a] district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (citation omitted). Here, Music has already been given one chance to amend, and the only facts he points to on appeal relate to alleged damages. Because damages only come into issue if Music can satisfy the other elements of one of his theories of liability, these additional facts would not save his claim.

**AFFIRMED.**